IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID RICKER, | ) | |
| | ) | Case No. 2:24-cv-01512 |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | District Judge Christy Criswell Wiegand |
| | ) | Magistrate Judge Kezia O. L. Taylor |
| PENNSYLVANIA BOARD OF | ) | |
| PROBATION AND PAROLE, et al., | ) | |
| | ) | |
| *Respondents*. | ) | |

# REPORT AND RECOMMENDATION

## I.   RECOMMENDATION

For the reasons set forth herein, it is respectfully recommended that the Petition for Writ of Habeas Corpus, ECF No. 1, be denied and that a certificate of appealability also be denied.

## II.   REPORT

### A.   Relevant Procedural History

On October 26, 2017, Petitioner David Ricker ("Petitioner") was sentenced to a term of five to ten years of incarceration. ECF No. 5-1 at 5-7. The controlling dates of Petitioner's minimum and maximum sentences were recorded as December 26, 2022 and December 26, 2027, respectively. *Id*. at 6, 9.

Petitioner was denied parole in decisions rendered by the Pennsylvania Board of Probation and Parole ("the Board") on September 2, 2022; September 7, 2023; and September 30, 2024. *Id*. at 13-14, 16-17, 57-58. The current Petition for Writ of Habeas Corpus ("Petition") challenges Petitioner's denial of parole on September 30, 2024. Petitioner appears

to argue that the Board's decision violated his rights under Fourteenth Amendment to the United States Constitution.

### B. Discussion

This Court has jurisdiction under 28 U.S.C. § 2254, which is the federal habeas statute applicable to prisoners like Petitioner who are in custody pursuant to a state-court judgment. It permits a federal court to grant a state prisoner a writ of habeas corpus "on the ground that he or she is in custody in violation of the Constitution . . . of the United States." 28 U.S.C. § 2254(a). It is Petitioner's burden to prove that he is entitled to the writ. *See id*.

#### a. Exhaustion

State prisoners typically must "exhaust their claims in state court before seeking relief in federal courts." *Slutzker v. Johnson*, 393 F.3d 373, 379 (3d Cir. 2004) (citing 28 U.S.C. § 2254(b)(1)(A)). In *Defoy v. McCullough*, 393 F.3d 439 (3d Cir. 2005), the Third Circuit Court of Appeals noted that, aside from litigating an *ex post facto* claim, Pennsylvania law does not provide a mechanism by which a prisoner can challenge a parole denial. *Id*. at 445. Therefore, it held that a Pennsylvania prisoner who is challenging the denial of parole is exempt from the exhaustion requirement with respect to all other types of constitutional claims. *Id*.

In their Answer, Respondents note that Petitioner had the ability to challenge his parole denial by filing a petition for writ of mandamus in the Commonwealth Court of Pennsylvania because since *Defoy* the Commonwealth Court now routinely considers constitutional challenges to Board decisions denying parole. *See* ECF No. 5 at 5-6 (citing Commonwealth Court cases after *Defoy*). Because Petitioner did not first seek review in the Commonwealth Court, and it is now too late for him to do so, Respondents argue that Petitioner's claims are procedurally

2

defaulted and should be dismissed as such because he has provided no basis to excuse his default.

It is noted that the continuing validity of *Defoy* has been called into question by this Court. *See*, *e.g.*, *Bradley v. Wingard*, No. 3:15-cv-235, 2017 WL 11476608, at *2 (W.D. Pa. Oct. 12, 2017), *report and recommendation adopted*, 2018 WL 10150909 (W.D. Pa. Sept. 5, 2018). Nevertheless, it has not yet been overruled and this Court has no discretion to disregard binding precedent. However, a court "may bypass the exhaustion issue altogether should [it] decide that the petitioner's habeas claim fails on the merits." *See Roman v. DiGuglielmo*, 675 F.3d 204, 209 (3d Cir. 2012). Because it is plainly apparent that Petitioner's claims lack merit, the Court will decline to make a ruling on exhaustion and instead proceed to a review of Petitioner's claims.

      b. **Merits**

Based on the Court's review of the Petition, it appears that Petitioner is making a due process challenge to the Board's decision. In this regard, the Fourteenth Amendment provides that the State may not "deprive any person of life, liberty, or property without due process of law." U.S. CONST. amend. XIV. An examination of a procedural due process claim under the Fourteenth Amendment proceeds in two steps. *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 571 (1972). First, the court must determine whether there exists a liberty or property interest which has been interfered with by the state. *Kentucky Dept. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989) (citing *Board of Regents*, 408 U.S. at 571). Second, and if and only if a petitioner establishes the existence of a protected interest, the court must examine

whether the procedures attendant upon that deprivation were constitutionally sufficient. *Id*. (citing *Hewitt v. Helms*, 459 U.S. 460, 472 (1983)).

The underlying liberty interest necessary for procedural due process can either be derived from the Due Process Clause itself or from a state's statutory scheme. *See Asquith v. Dep't of Corr.*, 186 F.3d 407, 409 (3d Cir. 1999) ("A protected liberty interest may arise from only one of two sources: the Due Process Clause or the laws of the state.") However, the Supreme Court has held that the Constitution does not establish a liberty interest in parole that invokes due process protections. *See Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979) (stating that there is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.") And, both federal and Pennsylvania state courts have held that there is no protected liberty interest in parole under Pennsylvania law, either. *Burkett v. Love*, 89 F.3d 135, 139 (3d Cir. 1996) (recognizing the general principle that the Pennsylvania parole statute does not create a liberty interest in the right to be paroled); *Rogers v. Pennsylvania Bd. of Prob. & Parole*, 724 A.2d 319, 322-23 (Pa. 1999). *See also Newman v. Beard*, 617 F.3d 775, 783 (3d Cir. 2010). Given this absence of a protected liberty interest, there can be no procedural due process violation. As such, Petitioner's procedural due process claim should be denied.

As to any substantive due process challenge Petitioner may be making, the Third Circuit Court of Appeals has stated that "even if a state statute does not give rise to a liberty interest in parole release . . ., once a state institutes a parole system all prisoners have a liberty interest flowing directly from the due process clause in not being denied parole for arbitrary or constitutionally impermissible reasons." *Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980). The

Supreme Court has stated that "although a person may have no 'right' to a valuable government benefit, and may be denied it for any number of reasons, 'there are some reasons upon which the government may not rely.'" *Burkett*, 89 F.3d at 139 (citing *Perry v. Sindermann*, 408 U.S. 593, 597 (1972)). A state may not deny parole on constitutionally impermissible grounds, such as race or in retaliation for exercising constitutional rights. *Id*. at 140. In addition, a state may not base a parole decision on factors bearing no rational relationship to the interests of the Commonwealth. *Block*, 631 F.2d at 237.

However, a substantive due process claim is "not easily mounted." *Hunterson v. DiSabato*, 308 F.3d 236, 246 (3d Cir. 2002). Indeed, "[t]he relevant level of arbitrariness required in order to find a substantive due process violation involves not merely action that is unreasonable, but, rather something more egregious, which we have termed at times 'conscience shocking' or 'deliberately indifferent.'" *Id*. at 246-47; *see also Newman*, 617 F.3d at 782. "[O]nly the most egregious conduct will be considered arbitrary in the constitutional sense." *Id*. at 247-48. Finally, "federal courts are not authorized to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision." *Coady v. Vaughn*, 251 F.3d 480, 487 (3d Cir. 2001).

Petitioner summarily claims that the Board denied him parole for "arbitrary, egregious and capricious reasons[,]" ECF No. 1-2, and for reasons that "bear no rational relationship to rehabilitation or deterrence[.]" ECF No. 1-3. However, he fails to demonstrate that he was denied parole for any impermissible reason or allege any facts that can support the conclusion that the Board's decision lacked "some basis." As reflected in the Board's decision, Petitioner was denied parole after an interview, a review of his file, and consideration of the matters set

5

forth in the Prisons and Parole Code. *See* ECF No. 5-1 at 57. The Board determined that Petitioner was not suitable for parole due to his risk and needs assessment indicating a level of risk to the community, his failure to demonstrate motivation for success, his minimization/denial of the nature and circumstances of the offenses committed, and his lack of remorse for the offenses committed. *Id*. Petitioner's arguments that he should have been granted parole because of his character, clear conduct record, lack of previous criminal record, completion of all required programming, positive comments from corrections staff and apology/expression of remorse to the victim is essentially an invitation for this Court to substitute its judgment for that of the Board, which it is not authorized to do. This Court is not to evaluate whether the Board made the correct decision, only that its decision was not based on any factor prohibited by law, which Petitioner has not demonstrated. As such, his substantive due process claim should be denied, as well.

### C. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a certificate of appealability on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the district court has rejected a constitutional claim on its merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner has not made the requisite showing in this case. Accordingly, a certificate of appealability should be denied.

**III.    CONCLUSION**

For the aforementioned reasons, it is respectfully recommended that the Petition for Writ of Habeas Corpus, ECF No. 1, be denied and that a certificate of appealability also be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections.  Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated:  January 28, 2025.

/s/ Kezia O. L. Taylor
Kezia O. L. Taylor
United States Magistrate Judge


Cc:     David Ricker
        NF4503
        SCI Pine Grove
        189 Fyock Road
        Indiana, PA  15701

        Counsel of record
        (Via CM/ECF electronic mail)